**LaMonica Herbst & Maniscalco, LLP**
3305 Jerusalem Avenue
Wantagh, New York 11793
Ph. 516.826.6500

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:

                 Chapter 11
HEAVENLY VISION CHRISTIAN CENTER INC. Case No.: 15-13035-SCC

   Debtor.
---------------------------------------------------------------X

## APPLICATION TO EMPLOY LAMONICA HERBST & MANISCALCO, LLP AS COUNSEL FOR THE DEBTOR AND DEBTOR-IN-POSSESSION

  The application of the estate of Heavenly Vision Christian Center Inc. (the "Debtor"), by Salvador Sabino, as Pastor and President of the Debtor, respectfully shows and alleges:

### BACKGROUND

  1. On November 13, 2015 (the "Filing Date"), the Debtor filed a voluntary petition for reorganization under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") with the Clerk of the United States Bankruptcy Court, Southern District of New York (the "Court").

  2. The Debtor has continued in the management of its business and operation of its affairs as a debtor and debtor-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108. No trustee or examiner has been appointed and, upon information and belief, no official committee of unsecured creditors has been formed.

  3. The Debtor is a not for profit corporation which operates and manages its business from its central location located at 2868 Jerome Avenue, Bronx, New York.

### RELIEF REQUESTED

  4. The Debtor desires to retain and employ LaMonica Herbst & Maniscalco, LLP ("LHM") as its counsel under a general retainer to perform the legal services set forth in ¶ 7

hereof. The Debtor was informed that each of the attorneys, who will be engaged in these services, is duly admitted to practice in this Court, as well as the Courts of the State of New York.

5.  The Debtor selected LHM because it has considerable experience in matters of this nature. The Debtor believes that LHM is well qualified to act as its counsel and to represent it as a debtor and debtor-in-possession.

6.  Prior to the Filing Date, LHM was paid by the Debtor $32,000.00, in addition, to the Court's filing fee in the amount of $1,717.00.

7.  The professional services that LHM is to render to the Debtor may be summarized as including:

   (a) to provide legal advice with respect to the Debtor's powers and duties as a debtor-in-possession in accordance with the provisions of the Bankruptcy Code in the continued operation of its business;

   (b) to prepare, on behalf of the Debtor, all necessary schedules, applications, motions, answers, orders, reports, adversary proceedings and other legal documents required by the Bankruptcy Code and Federal Rules of Bankruptcy Procedure;

   (c) to perform all other legal services for the Debtor that may be necessary in connection with the Debtor's attempt to reorganize its affairs under the Bankruptcy Code; and

   (d) to assist the Debtor in the development and implementation of a plan of reorganization.

8.  To the best of the Debtor's knowledge, LHM has no connection with the Debtor's creditors or any other parties in interest or their respective attorneys, except as set forth herein

and in the attached affidavit of Adam P. Wofse, Esq., a Partner of LHM (the "Affidavit").

9. To the best of the Debtor's knowledge, LHM represents no interest adverse to the debtor and debtor-in-possession, its estate or any other interested person in the matters in which LHM is being retained by the Debtor.

10. The Debtor submits that the retention of LHM is necessary and is in the best interests of the estate.

11. LHM is a "disinterested person" as that term is defined in Bankruptcy Code § 101(14) in that said firm:

    (a) is not a creditor, an equity security holder, or an insider;

    (b) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of each debtor; and

    (c) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, each debtor, or for any other reason.

12. No prior request for the relief sought herein has previously been made.

**WHEREFORE**, the Debtor respectfully requests the entry of the annexed Order authorizing the employment of LHM, and for such other and further relief as is just and proper.

Dated: December 8, 2015
      Bronx, New York

                              Heavenly Vision Christian Center, Inc.

                        By:    *s/ Salvador Sabino*
                                Salvador Sabino
                                Pastor and President of Heavenly Vision
                                Christian Center, Inc.
                                2868 Jerome Avenue
                                Bronx, NY 10468-1601

**LaMonica Herbst & Maniscalco, LLP**
3305 Jerusalem Avenue
Wantagh, New York 11793
Ph. 516.826.6500

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
In re:

                                                   Chapter 11

HEAVENLY VISION CHRISTIAN CENTER INC.    Case No.: 15-13035-SCC

            Debtor.
----------------------------------------------------------------X

**AFFIDAVIT IN SUPPORT OF APPLICATION TO EMPLOY**
**LAMONICA HERBST & MANISCALCO, LLP, AS COUNSEL FOR**
**THE DEBTOR AND DEBTOR-IN-POSSESSION**

STATE OF NEW YORK    )
                                ) ss.:
COUNTY OF NASSAU     )

      Adam P. Wofse, being duly sworn, deposes and says that:

      1.    I am a partner of the firm of LaMonica Herbst & Maniscalco, LLP, ("LHM") with offices located at 3305 Jerusalem Avenue, Wantagh, New York 11793. I am duly admitted to practice before this Court and the Courts of the State of New York.

      2.    LHM does not represent any creditors or any other party in interest or their respective attorneys in any matter adverse to the estate of Heavenly Vision Christian Center, Inc. (the "Debtor").

      3.    LHM was paid as follows by the Debtor- $32,000.00, in addition, to the Court's filing fee in the amount of $1,717.00.

      4.    Moreover, neither LHM nor I represent or hold any interest adverse to the Debtor in the matters of which LHM is to be engaged.

      5.    LHM is a "disinterested person" as that term is defined in 11 U.S.C. § 101(14), in that LHM: (a) is not a creditor, an equity security holder, or an insider; (b) is not and was not,

within 2 years before the date of the filing of the petition, a director, officer, or employee of the Debtor; and (c) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason.

6. LHM's current hourly rates are as follows: (a) from one hundred dollars ($100.00) up to one hundred and fifty dollars ($150.00) for para-professionals; (b) from two hundred seventy-five dollars ($275.00) up to four hundred dollars ($400.00) for associates; and (c) from four hundred and twenty-five dollars ($425.00) up to five hundred and seventy-five dollars ($575.00) for partners.

7. LHM, subject to the approval of this Court, will seek compensation and expenses upon appropriate application to the Court. LHM further states that LHM shall not, and has not made, any agreement to share any portion of awarded compensation and fees and expenses with any other party.

*s/ Adam P. Wofse*
Adam P. Wofse

Sworn to be before this the
7th day of December 2015

*Melanie A. FitzGerald*
Melanie A. FitzGerald
Notary Public, State of New York
No. 02FI4841188
Qualified in Nassau County
Commission Expires December 31, 2017

*M:\Documents\Company\Cases\Heavenly Vision\Retention\LH&M Retention Application.doc*