```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:
                                                                    Chapter 11
HEAVENLY VISION CHRISTIAN CENTER INC.,                              Case No.: 15-13035-SCC

                 Debtor.
---------------------------------------------------------------X
```

**ORDER, PURSUANT TO 11 U.S.C. § 1121(d), EXTENDING THE CHAPTER 11 DEBTOR'S EXCLUSIVE PERIODS WITHIN WHICH TO FILE A PLAN AND SOLICIT ACCEPTANCES OF SUCH PLAN**

UPON the notice of hearing and motion (the "Motion") of Heavenly Vision Christian Center Inc., the debtor and debtor in possession (the "Debtor"), by its counsel, LaMonica Herbst & Maniscalco, LLP, for entry of an Order, pursuant to section 1121(d) of Title 11 of the United States Code (the "Bankruptcy Code"), extending the exclusive time periods during which the Debtor may file a Chapter 11 plan (the "Plan") and solicit acceptances thereto (the "Exclusive Periods"), and granting such other, further and different relief as this Court deems just and proper; and upon the Affidavit of Service, which was filed with the Court; and upon consensual agreement between the Debtor and Goldstar (as defined below), and no opposition to the relief sought in the Motion having been filed by or received from any other party; and it appearing that the relief requested in the Motion is in the best interests of the Debtor's estate and its creditors; and after due deliberation thereon, it is hereby

**ORDERED,** that the Motion to extend the Debtor's Exclusive Periods is granted as set forth herein; and it is further

**ORDERED**, that pursuant to Bankruptcy Code § 1121(d), the exclusive period within which the Debtor may file a Plan be, and it hereby is, extended through and including May 13, 2016; and it is further

**ORDERED,** that pursuant to Bankruptcy Code § 1121(d), the exclusive period within which the Debtor may solicit acceptances to a proposed Plan be, and it hereby is, extended through and including July 12, 2016; and it is further

**ORDERED,** that the Debtor shall commence making monthly adequate protection payments to Happy State Bank, a Texas Banking Association, d/b/a GoldStar Trust Company ("GoldStar"), as trustee for the benefit of the bondholders of the Debtor, in the amount of $15,000.00 per month beginning on April 1, 2016, and continuing on the first day of each calendar month thereafter, which payments shall be applied in accordance with the terms of that certain Trust Indenture dated February 9, 2007 (as amended) or as otherwise ordered by a final order of the Court. Notwithstanding receipt of such payments, nothing shall affect or impair GoldStar's right to seek relief from the automatic stay pursuant to 11 U.S.C. § 362(d) or to otherwise seek appropriate relief upon the expiration of the sixty (60) day extension of the exclusive period in which the Debtor may file a Plan as provided in this Order, or affect or impair the Debtor's right to oppose any such request; and it is further

**ORDERED**, that this Order shall also be without prejudice to the Debtor's right to request a further extension of the Exclusive Periods, and to GoldStar's right to oppose any such request.

Date: April 5, 2016
New York, New York

/S/ Shelley C. Chapman
UNITED STATES BANKRUPTCY COURT